[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiff instituted the present action to recover monetary damages for personal injuries claimed to have been sustained as a result of a motor vehicle accident. The jury returned a verdict in favor of the plaintiff in the amount of $6,657.50 for economic damages and $6,000 for noneconomic damages. The plaintiff has now filed a motion to set aside that verdict asserting that the court erred in admitting certain documentary evidence.
The plaintiff claims that the court erred in admitting into evidence exhibit 22, a transcription of office notes prepared by Douglas M. Keeney, D.C., who provided medical treatment to the plaintiff for injuries received prior to the motor vehicle accident which is the subject of the present lawsuit. The attorney for the plaintiff wrote to Dr. Keeney asking him to provide any notes, CT Page 4461 reports and records concerning medical treatment provided to the plaintiff. The doctor responded by forwarding to the attorney his office notes which are, for all practical purposes, unintelligible. When forwarding those notes, Dr. Keeney advised the plaintiff's attorney that he has developed a system of abbreviations, coding and shorthand and that he would be pleased to send a narrative report regarding the treatment provided to the plaintiff upon receipt of a check for $125.00. Plaintiff's attorney forwarded the office notes together with the letter of transmittal from Dr. Keeney to the attorney for the defendant. The defendant's attorney then forwarded to Dr. Keeney a check for the amount of $125.00 and received a transcription prepared by Dr. Keeney of his office notes.
Prior to the introduction of the transcription provided by Dr. Keeney, who had died prior to the trial, the defendant produced Mrs. Keeney, Dr. Keeney's wife, and Judith Travaglino, his nurse. The witnesses testified as to Dr. Keeney's usual practice in preparing such a transcription and of the fact that the transcription was prepared by Dr. Keeney himself and given to the secretary to mail to the attorney for the defendant.
The plaintiff first claims that the transcription was not admissible under General Statutes § 52-180 which provides that business entries are admissible "if the trial judge finds that it was made in the regular course of any business and that it was in the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or with any reasonable time thereafter."
The testimony by the witnesses produced on behalf of the defendant established that Dr. Keeney took his office notes home, prepared the transcription and gave it to his nurse to forward to the attorney for the defendant. The business entry statute "is to be liberally construed and records will not be excluded where the statutory requirements can reasonably be assume to have been met." State v. Caprilozzi, 45 Conn. App. 455, 459 (1997).
Given the foundation evidence produced by Dr. Keeney's wife and nurse, the evidence was properly admitted.
The plaintiff also claims that the transcription was obtained illegally because it was not provided to the defendant's attorney pursuant to an authorization signed by the plaintiff. When counsel for the plaintiff provided the office notes, CT Page 4462 untranscribed, to counsel for the defendant, a copy of Dr. Keeney's letter of transmittal, requesting a check for $125.00, was also forwarded to the defendant's attorney. It is clear that, having brought the lawsuit, the plaintiff would be required to provide authorizations for relevant medical evidence. Under such a situation, the defendant could have compelled the defendant to provide authorizations for obtaining a transcription of the unintelligible office notes. More importantly, there was no need for the plaintiff's attorney to send to the defendant's attorney the letter of transmittal requesting a check for $125.00 for such a transcription unless it was contemplated that the defendant's attorney would undertake such action. Under such circumstances, the forwarding of the letter of transmittal constitutes an implied authorization to forward the check to the doctor in order to obtain what the defendant would be entitled to obtain through court order. In forwarding the letter of transmittal, the plaintiff's attorney did not note the need for an authorization but merely provided counsel for the defendant with a letter notifying him of the price to be charged for the transcription. Accordingly, the court does not find that the transcription was obtained illegally.
Therefore, the motion to set aside the verdict is hereby denied.
RUSH, J.